KENNETH A. FEINSWOG
kfeinswog@aol.com
Bar No. 129562
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 846-5800
Facsimile:  (310) 846-5801

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

---------------------------------------------------------X

BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.

Plaintiffs,

-against-

TRIGGER 009 and ELMURAD KANDIMOV,

Defendants.

---------------------------------------------------------X

CIVIL ACTION NO.

**CV12-8700 cvmbown**

**COMPLAINT FOR TRADEMARK AND RIGHT OF PUBLICITY INFRINGEMENT AND UNFAIR COMPETITION**

## JURISDICTION AND VENUE

1.  Plaintiff Bravado International Group Merchandising Services, Inc. (hereinafter referred to as "Bravado Inc.") is a corporation duly organized under the laws of the State of California with a place of business in Los Angeles, California.

1

2. Upon information and belief, at all relevant times herein, defendants Trigger 009 and Elmurad Kandimov have transacted business in and/or have committed their infringing activities alleged below in the Central District of California and/or knew that said activities would affect Bravado, a California corporation and/or would have an effect in the Central District of California.

3. This action arises under the Lanham Trademark Act (15 U.S.C. 1051 et seq.). This Court has jurisdiction over this action under 28 U.S.C. 1331 and 1338(a) and 15 U.S.C. 1125(a). This Court also has supplemental jurisdiction over the Second, Third and Fourth Causes of Action because they arise out of a common nucleus of operative facts as the First Cause of Action.

## PARTIES

4. Justin Bieber, LMFAO and Metallica (the "Musical Groups and Performers") are world famous performers who have used their respective names, trademarks and likenesses to identify themselves in all phases of the entertainment industry to distinguish themselves from other professional entertainers.

5. Plaintiff Bravado has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the names, trade names, trademarks, logos and/or likenesses of the Musical Groups and Performers throughout the United States pursuant to agreements between Bravado and the Musical Groups and Performers pursuant to which Bravado has been granted the exclusive right to sell products bearing the names, trademarks and likenesses of the Musical Groups and Performers.

6. Defendants are or were licensing, distributing, advertising and selling unauthorized shirts and/or other items embodying the names, trademarks and/or the likenesses of the Musical Groups and Performers (collectively the "Infringing Merchandise") throughout the United States by various means of interstate transport and delivery in violation of the rights of plaintiff and the Musical Groups and Performers under the Lanham Act.

## BACKGROUND

7. Each of the Musical Groups and Performers has achieved nationwide fame and notoriety.

8. Since the dates as set forth below, each Musical Group and Performer has identified itself with the names and trademarks as set forth below. Separately, and/or in conjunction with the likenesses of the individual members of the Musical Groups and Performers, the Musical Groups' and Performers' trademarks and/or likenesses have been used to distinguish merchandise pertaining to the Musical Groups and Performers from other parties.

| Trademark | Trademark Used By Musical Performer As Early As Following Date |
|---|---|
| Metallica | 1984 |
| Justin Bieber | 2008 |
| LMFAO | 2008 |

9. Each of the Musical Groups and Performers has sold and/or has had licensed sales of tens of thousands of dollars worth of licensed merchandise bearing their respective names and/or trademarks, service marks and/or likenesses.

10. The sale of the Infringing Merchandise by defendants is and will be without permission or authority of plaintiffs or any of the Musical Groups or Performers.

11. The unlawful activity of defendants results in irreparable harm and injury to plaintiff and the Musical Groups and Performers in that, among other things, it deprives plaintiff and the Musical Groups and Performers of their absolute right to determine the manner in which their images are presented to the general public through merchandising; deceives the public as to the origin and sponsorship of such merchandise; wrongfully trades upon and cashes in on the Musical Groups' and Performers' reputation, commercial value and exclusive rights and it irreparably harms and injures the reputations of plaintiff and the Musical Groups and Performers.

## AS AND FOR A FIRST CAUSE OF ACTION
### Violation of 15 U. S. C. 1125(a)

12. Plaintiff repeats and realleges paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13. This cause arises under 15 U.S.C. 1125(a) relating to trademarks, trade names and unfair competition and involves false descriptions in commerce.

14. The names, trademarks and likenesses of the Musical Groups and Performers (hereinafter collectively sometimes referred to as the "Musical Groups' and Performers' Marks") have been used as marks to identify the respective Musical Groups and Performers and have been used in connection with their performing services and with the sale of various types of merchandise throughout the United States. As a result of same, the Musical Groups' and Performers' Marks have each developed and now have a secondary and distinctive trademark meaning to purchasers of merchandise.

15. Infringing Merchandise has been advertised and sold by defendants, containing the names, trademarks, and/or likenesses of the Musical Groups and Performers. By misappropriating and using the Musical Groups' and Performers' Marks, defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

16. The advertising and/or sale by defendants of the Infringing Merchandise has and will infringe upon and dilute the trademarks, names and likenesses of the Musical Groups and Performers.

17. The advertising and/or sale of the Infringing Merchandise will be damaging to and will dilute the good will generated by each of the Musical Groups and Performers and the reputations which all of the Musical Groups and Performers have developed in connection with the sale of legitimate, authorized and high quality merchandise.

18. The unlawful merchandising activities of defendants as described above is without permission or authority of plaintiff or any of the Musical Groups and Performers and constitutes express and implied misrepresentations that the Infringing Merchandise was created, authorized or approved by plaintiff and/or the Musical Groups and Performers.

19. The aforesaid acts of defendants are willful violations of 15 U.S.C. 1125(a) in that the defendants used, in connection with goods and services, a false designation of origin and have caused and will continue to cause said goods (the Infringing Merchandise) to enter into interstate commerce.

20. Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and will suffer irreparable harm and injury to plaintiff and the Musical Groups' and Performers' images and reputations as a result thereof.

21. As a result of defendants' activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A SECOND CAUSE OF ACTION
### Violation of Section 3344 of the California Civil Code

22. Plaintiff repeats and realleges paragraphs 1 through 12 and 14 through 21 of this Complaint as if fully set forth herein.

23. The Musical Groups and Performers are celebrated musical performers and groups with a proprietary interest, inter alia, in the use in public of their respective names and/or the likenesses of the individual members thereof.

24. Upon information and belief, defendants have sold and distributed the Infringing Merchandise bearing the names and/or likenesses of the Musical Groups and Performers.

25. Neither plaintiff, the Musical Groups and Performers or any party acting on their behalf has given oral or written consent to defendants for the use of the Musical Groups' and Performers' names and/or likenesses on any items.

26. Defendants have violated California Civil Code Section 3344 by knowingly appropriating, using and exploiting the Musical Groups' and Performers' names and/or likenesses on the Infringing Merchandise that they distribute or in advertising therefor for their commercial benefit without the consent of plaintiff or the Musical Groups and Performers.

27. As a result, defendants have deprived plaintiff and the Musical Groups and Performers of the right to control the time, place, terms and manner by which to publicize the Musical Groups' and Performers' respective special talents.

28. The sale and distribution of Infringing Merchandise by defendants has caused, is causing and will continue to cause plaintiff and the Musical Groups and Performers irreparable harm and injury.

29. As a result of defendants' activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A THIRD CAUSE OF ACTION
## Violation of Common Law Unfair Competition

30. Plaintiff repeats and realleges paragraphs 1 through 14, 16 through 21 and 22 through 29 of this Complaint as if fully set forth herein.

31. The trademarks used on the Infringing Merchandise are identical to the trademarks of the Musical Groups and Performers and defendants' use is likely to, and is certainly intended to, cause confusion to purchasers.

32. Defendants, by misappropriating and using the names, trademarks and/or likenesses of the Musical Groups and Performers have utilized unfair means to usurp the good will and distinctive attributes of the Musical Groups' and Performers' trademarks.

33. Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to cause confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

34. Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and the Musical Groups and Performers will suffer irreparable harm and injury to their reputations as a result thereof.

35. As a result of defendants' aforesaid activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A FOURTH CAUSE OF ACTION
## Violation of Common Law Right of Publicity

36. Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21, 23 through 29 and 31 through 35 of this Complaint as if fully set forth herein.

37. Defendants' unauthorized use of the Musical Groups' and Performers' names and/or likenesses constitutes common law right of publicity violations.

38. Plaintiff and the Musical Groups and Performers have no adequate remedy at law and, if defendants' activities are not enjoined, plaintiff and the Musical Groups and Performers will suffer irreparable harm and injury to their images and reputations as a result thereof.

39. As a result of defendants' activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Violation of 15 U.S.C. 1114

40. Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21, 23 through 29, 31 through 35 and 37 through 39 of this Complaint as if fully set forth herein.

41. Plaintiff has been granted the exclusive license for the following trademark registered in the United States Patent and Trademark Office:

| **Trademark** | **Registration No.** |
|---|---|
| Metallica | Registration No. 2,504,291 |
| | International Class 25 and other classes |
| | For: Shirts and other items |

Registered November 6, 2006

42. Upon information and belief, defendants, with actual and constructive notice of Metallica's prior use of the Metallica trademark, have utilized the Metallica mark on defendants' products. Defendants have sold said products by interstate transport and/or in a manner that affects interstate commerce.

43. Defendants' use of the Metallica mark is likely to and is causing confusion, mistake and deception among customers and members of the public as to the source of origin of defendants' goods and is likely to deceive the public into believing that the merchandise being sold by defendants emanates from plaintiff and/or Metallica to the damage and detriment of plaintiff's and Metallica's good will, reputation and sales. Such acts constitute willful violations of 15 U.S.C. 1114.

44. Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and will suffer irreparable harm and injury to plaintiff's and Metallica's images and reputations as a result thereof.

45. As a result of said defendants' activities, plaintiff and Metallica have been damaged in an amount not yet determined or ascertainable.

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

A. A Preliminary Injunction restraining, enjoining and prohibiting each of the defendants from manufacturing, distributing or selling any and all merchandise bearing the names, trademarks, and/or the likenesses of any of the Musical Groups and Performers or any one or more of them and/or anything confusingly similar thereto and/or any mark or designation that would cause consumers to believe that merchandise that defendants are selling was sponsored and/or authorized by plaintiff and/or any of the Musical Groups and Performers;

B. A Permanent Injunction prohibiting defendants from selling or attempting to sell the aforesaid merchandise;

C. Three times defendants' profits or three times the damages suffered by plaintiff or the Musical Groups and Performers, whichever is greater, and reasonable attorneys fees and the costs of the action;

  D. Statutory damages of no less than $750.00 for each name and/or likeness that defendants have used on each different product plus punitive damages and attorneys' fees pursuant to California Civil Code Section 3344;

  E. Defendants' profits or damages suffered by plaintiffs or the Musical Groups and Performers, whichever is greater, plus punitive damages pursuant to the Second, Third, Fourth and Fifth Causes of Action;

  F. Statutory damages in connection with defendants' infringement of the Metallica trademark; and

  G. Such other and further relief that this Court deems to be just and proper.

Dated: September __, 2012      Respectfully submitted,
Los Angeles, CA

               By: _____
               KENNETH A. FEINSWOG
               Attorney for Plaintiff
               400 Corporate Pointe, Suite 300
               Culver City, CA 90230
               Telephone: (310) 846-5800
               Facsimile: (310)-846-5801

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

**CV12- 8700 CBM (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Kenneth A. Feinswog
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., <br><br>PLAINTIFF(S) <br>v. <br><br>TRIGGER 009 and ELMURAD KANDIMOV, <br><br>DEFENDANT(S). | CASE NUMBER <br><br>CV12-8700 CBM (AJWx) <br><br><br>SUMMONS |

TO: DEFENDANT(S): TRIGGER 009 and ELMURAD KANDIMOV

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Kenneth A. Feinswog__, whose address is __400 Corporate Pointe, Suite 300, Culver City, CA 90230__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT 10 2012

By: SHEA BOURGEOIS
Deputy Clerk

(Seal of the Court)

1184

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)     SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.

**DEFENDANTS**
TRIGGER 009 and ELMURAD KANDIMOV

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Kenneth A. Feinswog, Esq.    Telephone: 310-846-5800
400 Corporate Pointe, Suite 300
Culver City, CA 90230

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ in an amount proven at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1125(a).  Defendants infringed plaintiff's trademark rights.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | | | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

CV12-8700

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | All defendants - Illinois |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  9/27/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |