KENNETH A. FEINSWOG
Bar No. 129562
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 846-5800

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT
OF CALIFORNIA

-------------------------------------------------X

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC.

           Plaintiff,

    -against-

TRIGGER 009 and ELMURAD KANDIMOV,

           Kandimov.

-------------------------------------------------X

CIVIL ACTION NO.
12-8700 CBM (AJWx)

MEMORANDUM OF
POINTS AND AUTHORITIES
IN SUPPORT OF MOTION
FOR DEFAULT JUDGMENT

Date: April 29, 2013
Time: 11:00 A.M.
Ctrm: 2

## I. PRELIMINARY STATEMENT

Plaintiff hereby submits the following Memorandum of Points and Authorities in Support of its Motion for Default Judgment against defendant Elmurad Kandimov ("Kandimov"). Plaintiff seeks a default judgment providing the following relief: (1) Monetary recovery consisting of trebled profits and/or statutory damages and attorneys' fees and costs; and (2) A Permanent Injunction.

## II. STATEMENT OF FACTS

On October 10, 2012, plaintiff commenced this action by filing a complaint for trademark infringement, false designation of origin, unfair competition and right of publicity violations against Kandimov in connection with the sale of unauthorized Justin Bieber, Metallica and LMFAO items. Plaintiff has been, at all relevant times herein, the exclusive licensee for the sale of all merchandise for the musical performers known as Justin Bieber, Metallica and LMFAO. On February 26, 2013, the Clerk entered default against Kandimov.

## III. ARGUMENT

### A. PLAINTIFF IS ENTITLED TO TREBLED PROFITS, STATUTORY DAMAGES AND ATTORNEYS' FEES AND COSTS TO COMPENSATE FOR KANDIMOV'S WILLFUL INFRINGEMENT

#### 1. The Effect of the Entry of Default

The practical effect of an entry of default against Kandimov is that all factual

allegations contained in the complaint for trademark infringement and unfair competition and right of publicity violations are admitted as true except for those allegations that relate to damages. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). By defaulting, Kandimov has admitted that he has engaged in acts that constitute willful violations of the trademark laws of the United States and California Civil Code Section 3344.

    2.    **Plaintiff Can Obtain Remedies Against Kandimov for Trademark Infringement and Right of Publicity Violations.**

    (a) **Trebled Profits**

Kandimov was caught selling infringing products bearing the Justin Bieber trademark and likeness to plaintiff's investigator, Adriana Baeza (see Declaration of Adriana Baeza submitted herewith ("Baeza Declaration")). In said declaration, Ms. Baeza confirmed that said shirt was received from Kandimov.

Kandimov was also caught selling infringing LMFAO and Metallica products on eBay. The Court is respectfully referred to the printouts exhibiting said sales that are annexed to Exhibit A to the Declaration of Kenneth A. Feinswog submitted herewith ("Feinswog Declaration").

Plaintiff's Chief Financial Officer, Pete D'Auria, in his declaration submitted herewith ("D'Auria Declaration"), confirmed that Kandimov sold unauthorized Justin Bieber, Metallica and LMFAO shirts and caps.

Plaintiff's rights under 15 U.S.C. 1125(a) were violated because of the unauthorized use of the Justin Bieber, Metallica and LMFAO trademarks on the products and/or advertisements for the products. Plaintiff also has the right to obtain remedies pursuant to California Civil Code §3344 because Kandimov used the Justin Bieber name and likeness without plaintiff's authority. Under both 15 U.S.C. 1117(a) and California Civil Code §3334, plaintiff is entitled to an award of Kandimov's profits.

Pursuant to 15 U.S.C. 1117(a)(3), the Court has the discretion to enhance its award up to three times Kandimov's profits if the Court determines that said amount is inadequate. Trebled profits are computed below by multiplying the amount of shirts sold by the price stated on the printouts that are annexed as Exhibit A to the Feinswog Declaration.

| Date | Product | Calculation |
|---|---|---|
| 2/9/12 | Justin's #1 Fan | 98 x $14.95 = $1,465.10 x 3 = $ 4,395.30 |
| 2/7/12 | Justin's Girl Claire | 310 x $16.95 = $5,254.50 x 3 = $15,763.50 |
| 2/9/12 | Justin's My One Love | 123 x $16.95 = $2,084.85 x 3 = $ 6,254.55 |
| 2/9/12 | Justin's Girl Amanda | 276 x $16.95 = $4,678.20 x 3 = $14,034.60 |
| 2/7/12 | Metallica – Shirt | 277 x $16.95 = $4,695.15 x 3 = $14,085.45 |
| 2/8/12 | Metallica – Cap | 46 x $18.95 = $ 871.70 x 3 = $ 2,615.10 |
| 2/9/12 | LMFAO – | 88 x $16.95 = $1,491.60 x 3 = $ 4,474.80 |

Trebled profits for the Justin Bieber and LMFAO products and the Metallica cap equal $47,537.85. Trebled profits with respect to the Metallica shirt equal $14,085.45. While trebling Kandimov's profits with respect to Justin Bieber and

3

LMFAO marks is discretionary, but certainly warranted, trebling said profits is mandatory in connection with the Metallica shirts pursuant to 15 U.S.C. 1117(b). *Nintendo of America v. Dragon Pacific International*, 40 F.3d, 1007, 1010 (9th Cir. 1994).[1]

    Kandimov's profits should be trebled with respect to all products because he has prevented plaintiff from ascertaining the exact amount of the infringing items that he sold and he acted willfully. Kandimov continued to sell the unauthorized merchandise after he was instructed to cease and desist therefrom. On May 20, 2011, plaintiff's attorney instructed Kandimov to cease and desist from the sale of Justin Bieber merchandise (Exhibit B to the Feinswog Declaration). Plaintiff's counsel later discovered that Kandimov was also selling LMFAO and Metallica merchandise and sent a cease and desist letter to Kandimov in connection therewith on January 12, 2012 (Exhibit C to the Feinswog Declaration).

    The February, 2012 printouts that are annexed to the Feinswog Declaration as Exhibit A exhibit that Kandimov continued to sell the Justin Bieber, Metallica and LMFAO merchandise after receiving said letters.

    Kandimov would be rewarded for defaulting if anything less than trebled profits were awarded. By defaulting, Kandimov has prevented plaintiff from

---

[1] Plaintiff is requesting a statutory damage award greater than trebled profits in connection with the Metallica shirts as discussed in the next section herein.

4

conducting discovery pursuant to which plaintiff would have likely discovered significant additional sales. Kandimov was probably underestimating the amount of sales that he listed on eBay and was probably selling shirts in forums other than eBay. In view of the foregoing, it is respectfully requested that the Court award trebled profits of $47,537.85 with respect to the infringing Justin Bieber products and the Metallica cap.

### (b). Statutory Damages

Plaintiff elects statutory damages in connection with the sale of Metallica shirts pursuant to 15 U.S.C. 1117(c) because Kandimov has defaulted and has not produced records regarding his sales.

15 U.S.C. 1117(c) provides as follows:

In a case involving the use of a counterfeit mark (as defined in Section 34(d) (15 U.S.C. 1116(d)) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of-

5

    (1)    not less than $2000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

    (2)    if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. 1116(d)(B)(i) defines a counterfeit mark as follows: A counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered; . . .

In the present case there is a trademark registration for Metallica for many types of goods including shirts. A copy of a printout regarding the Metallica registration is annexed to the Feinswog Declaration as Exhibit D. Since defendants were caught selling Metallica shirts, then plaintiff is entitled to the remedies provided for under 15 U.S.C. 1117(c).

Because there is a minimal amount of case law regarding the awarding of statutory damages in trademark cases, courts have looked to the Copyright Law to assist in supplying guidance in determining the amount of statutory damages that should be granted. See *Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F.Supp. 2d 161, 170 (S.D.N.Y. 1999); *Rolex Watch U.S.A., Inc. v. Jones*, 2002 U.S. Dist. LEXIS 6657, No. 99 Civ. 2359, 2002 WL 596354, at *6 (S.D.N.Y. 2002).

In copyright infringement cases, statutory damages are available in order to effectuate two purposes underlying the remedial provisions of the Copyright Act: to provide adequate compensation to the copyright holder and to deter infringement. *Frank Music Corp. v. Metro-Goldwyn Mayer, Inc.*, 886 F.2d 1545, 1554 (9th Cir. 1989); *Frank Music v. Metro-Goldwyn Mayer, Inc. I*, 772 F.2d 505, 520 (9th Cir. 1985).

In determining whether to exercise its discretion to award statutory damages, the district court must consider whether the amount of profits that have been proven accomplish the purposes of the statute. If not, it should exercise its discretion to award statutory "in lieu" damages that do effectuate the statutory purposes, *Frank Music I*, supra at page 520.

If statutory damages are elected, "the Court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified

maxima and minima." *Peer International Corporation v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990).

In *Peer*, supra, the Court recognized that a plaintiff may recover statutory damages "whether or not there is adequate evidence of actual damages suffered by plaintiff or of the profits reaped by defendants". The Court of Appeals upheld the District Court's ruling of the maximum award (for infringements in actions commenced prior to March 1, 1989) of statutory damages at $50,000.00 per copyright (the then maximum amount that could have been awarded) for 80 different copyright violations for a total of $4,000,000.00 of statutory damages.

In this action, it is undeniable that Kandimov is a willful infringer of plaintiff's rights. It has been conclusively established that he continued to sell the items in question after plaintiff's counsel instructed him to stop selling said items (Exhibits B and C to the Feinswog Declaration).

Because Kandimov has defaulted, plaintiff has not been able to conduct discovery to determine the exact amount of items that Kandimov sold. It is quite likely that Kandimov sold more than the treble profits of $14,085.45 according to the printout relating to Metallica shirts. Even if Kandimov did not sell more than said amount, a significant statutory damage award is warranted as a deterrent because he has acted so defiantly.

8

In view of Kandimov's blatant willfulness and the fact that he defaulted and prevented plaintiff from reviewing any of his records, it is respectfully requested that the Court award statutory damages of no less than $100,000.00 for the sale of Metallica shirts. The statutory damages requested by plaintiff is extremely reasonable and significantly less than the amount of statutory damages that have been awarded in other cases with respect to parties that have defaulted. See *Sara Lee Corp.*, supra at 170 ($750,000.00 after default) and *Rolex Watch U.S.A., Inc.*, supra at *6 ($600,000.00 after default).

3. **Attorneys' Fees**

Plaintiff is entitled to attorneys' fees under California Civil Code Section 3344 because plaintiff is the prevailing party and pursuant to 15 U.S.C. 1117(a) because this case is an exceptional case since Kandimov is a willful infringer. *Playboy Enterprises, Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th Cir. 1982). In view of the foregoing, it is respectfully requested that the Court award plaintiff's attorney's fees pursuant to Local Rule 55-3.

B. **PLAINTIFF IS ENTITLED TO THE ENTRY OF A PERMANENT INJUNCTION AS PRAYED FOR IN THE COMPLAINT**

In the Complaint, plaintiff prayed for the entry of a permanent injunction prohibiting Kandimov from manufacturing, selling or distributing infringing items

9

that embody the names, trademarks and/or likenesses of Justin Bieber, Metallica and LMFAO. Because Kandimov has defaulted and, hence, admitted the factual allegations contained in the Complaint, plaintiff respectfully requests entry of a Permanent Injunction as prayed for in the Complaint.

## IV. <u>CONCLUSION</u>

Plaintiff respectfully requests that the Court enter a judgment against defendant Elmurad Kandimov in the amount of $154,088.61 consisting of statutory damages of $100,000.00, trebled profits of $47,537.85 plus attorneys' fees of $6,550.75 pursuant to Local Rule 55-3. Plaintiff also respectfully requests entry of a permanent injunction as prayed for in the Complaint.

Dated: March 25, 2013  
Culver City, CA

Respectfully submitted,

By: s/Kenneth A. Feinswog  
Kenneth A. Feinswog  
Attorney for Plaintiff  
400 Corporate Pointe, Suite 300  
Culver City, California 90230  
Telephone: (310) 846-5800